HERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* BENET ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre daños y perjuicios.

No. 1278.—Resuelto en julio 23, 1915.

ERRORES FUNDAMENTALES—ENMIENDA A UNA DEMANDA YA ENMENDADA—HECHOS ADICIONALES.—Cuando un demandante cuya demanda enmendada ha sido desestimada por falta de causa de acción no solicita de la corte permiso para enmendarla nuevamente al declararse con lugar la excepción previa y antes de dictarse sentencia; ni pide que le proteja en sus derechos después de dictada la sentencia, de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil; ni indica a esta Corte Suprema en qué forma podría aun haber sido enmendada la referida demanda enmendada para que pudiera expresar una causa de acción; ni sugiere que existan hechos adicionales en los que pueda basar una teoría que pueda ser sostenida con respecto a su caso, si es que tiene alguna, no puede después alegar que no se le dió una oportunidad para enmendar su demanda enmendada, y aun cuando la corte errara al dictar su sentencia sin darle esa oportunidad, tal error no sería fundamental.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En una demanda enmendada que fué radicada en la Corte de Distrito de Mayagüez el demandante y apelante alegó en substancia: *Primero*. Que anteriormente habían sido radicados en la misma corte dos pleitos, uno número 4264, titulado *Pinillos Carmona* v. *Bengoa Marín,* y el otro número 4460, *Samames Caldela, como apoderado de Pinillos Carmona,* v. *Bengoa Marín*. *Segundo*. Que un tal Vinuesa Moya y Samames Caldela en su carácter de apoderados de Pinillos Carmona habían celebrado un contrato con el demandante y apelante por ciertos servicios que él había de llevar a cabo en relación con estas cuestiones mediante un convenio de pago del cincuenta por ciento. *Tercero*. Que los dos litigios relacionados fueron transados por los referidos apoderados del demandante y dicho demandado Bengoa mediante el pago de la suma de veinte y seis mil dólares ($26,000) que se obligó a pagar en efectivo dicho Bengoa una vez que estuviesen inscritos en el registro de la propiedad a su favor ciertos bienes inmuebles. *Cuarto*. Que la mercantil F. Carrera & Hno. se obligó a facilitar a Bengoa Marín los veinte y seis mil dólares ($26,000) como préstamo, de cuya cantidad pertenecían al demandante trece mil dólares ($13,000) que debía percibir al finalizar definitivamente la condición del pago a que se ha hecho referencia en pago del arrendamiento de sus servicios. *Quinto*. Que posteriormente el demandado en este caso Benet Colón, voluntaria, a sabiendas y maliciosamente y con el deliberado propósito de causar daño al demandante en esta acción, en otro pleito número 3956 seguido en la misma corte en el cual dicho Benet Colón había obtenido sentencia a su favor por la suma de dos mil dólares ($2,000) como demandante, y cuando dicha sentencia estaba pendiente de resolución del recurso de apelación, presentó una moción solicitando el embargo de bienes de la propiedad del ahora demandante que fué demandado en el referido pleito número 3956, en cantidad suficiente a cubrir la suma de cuatro mil trescientos sesenta y cinco dólares ($4,365), para aseguramiento de la efectividad de la sentencia; que se dictó una orden de embargo de con-

formidad a lo solicitado y de acuerdo con ella se practicó el embargo según aparece del diligenciamiento siguiente:

"En la Corte de Distrito del Distrito Judicial de Mayagüez, P. R. *José Benet Colón* v. *Agustín Hernández Mena.* No. 3956. Certifico: Que en cumplimiento de un mandamiento expedido en el caso arriba expresado por la corte de este distrito para asegurar la efectividad de la sentencia que pudiera recaer en este caso, en este día, y siguiendo instrucciones escritas de los abogados de la parte demandante, *embargo toda la participación, derecho e interés que tiene, tenga o pueda tener el demandado Agustín Hernández Mena, en la suma o cantidad de dinero que, por concepto de honorarios o compensación por servicios prestados, está por recibir y ha de recibir, y le corresponde o ha de corresponder a Luis Pinillos Carmona, o la sucesión de éste, en virtud de transacción verificada* de los asuntos pendientes ante esta corte a saber: *Luis Pinillos Carmona* v. *Manuel Bengoa Marín,* N. 4264; *Ex parte Luis Pinillos Carmona,* No. 4452; y *Antonio Samames, como apoderado de Luis Pinillos,* v. *Manuel Bengoa Marín,* No. 4460; cuya cantidad o suma de dinero recibirá dicho Manuel Bengoa Marín, de los Sres. F. Carrera Hermano, comerciantes establecidos en esta ciudad de Mayagüez, en la cual corresponden al demandado Agustín Hernández Mena, tres mil dólares, más o menos. Dado en Mayagüez, P. R., a 22 de junio de 1914. (Firmado) Nestor Gregory, márshal. Por Francisco Azuar, deputy márshal.

"Notificación: Al demandado Agustín Hernández Mena, a Sres. F. Carrera Hermano, Antonio Samames, como apoderado de Luis Pinillos Carmona, y Salvador Vinuesa, también como apoderado del mismo Luis Pinillos: Por la presente notifico a Vds. y a cada uno de Vds. que el embargo a que se refiere el inventario de que es copia la presente, el cual ha sido practicado en virtud del mandamiento cuya copia les acompaño y hago parte de esta notificación; previniéndoles que no podrán disponer en manera o forma alguna, del derecho o participación que sobre la cantidad expresada se embarga como de la propiedad del demandado Agustín Hernández Mena, cuya participación queda por la presente depositada en poder de los susodichos Sres. F. Carrera & Hermano, y se les previene que si faltasen en manera o forma alguna a la previsión que aquí se les hace, serán responsables ante la corte del delito de desacato a la misma. Dado en Mayagüez, P. R., hoy día 22 de junio de 1914. (Firmado) Nestor Gregory, márshal. Por Francisco Azuar, deputy márshal."

*Sexto.* Que por virtud del mandamiento de *certiorari* expedido por este Tribunal Supremo a instancia del demandante en esta acción, que fué demandado en dicho pleito número 3956, el referido mandamiento de embargo y todos los procedimientos subsiguientes que tuvieron lugar de acuerdo con el mismo fueron anulados y dejados sin efecto. *Séptimo.* Que de acuerdo con dicha sentencia en los procedimientos de *certiorari* la Corte de Distrito de Mayagüez dictó una orden disponiendo que el secretario expidiese mandamiento al márshal para que suspendiera o dejara sin efecto de haberlo realizado, el embargo trabado sobre los bienes del demandante en esta acción, demandado en el mencionado pleito número 3956, y expedido el mandamiento al márshal éste lo devolvió diligenciado en la forma siguiente:

"Certificado de diligenciamiento por el márshal. Certifico: Que el presente mandamiento me fué entregado a las 10 a. m., del día 29 de julio de 1914, y que notifiqué el mismo, dejando sin efecto el embargo que se manda levantar a las personas que se expresan a continuación: A los Sres. F. Carrera & Hno., el día 29 de julio de 1914, a las 3 p. m., en la persona de su socio gestor don Florentino Carrera, mostrándole el original y dejando en su poder una copia de dicho mandamiento con una notificación extendida a continuación: a don Agustín Hernández Mena y a don José Benet Colón, demandado y demandante, respectivamente, el mismo día 29 de julio de 1914 y hora de las 4 de la tarde; y a don Antonio Samames en su carácter de apoderado de don Luis Pinillos Carmona, el día 30 de julio de 1914, a las 9 y media a. m., entregando a cada una de las personas así notificadas, copia del mandamiento con una notificación extendida a su continuación, haciéndoles saber quedaba levantado el embargo a que dicho mandamiento se refiere, y los bienes, a la libre disposición de su dueño. Fechado hoy, en Mayagüez, a 30 de julio de 1914. (Firmado) Nestor Gregory, márshal. Por Cosme Girón, márshal auxiliar."

*Octavo.* Que posteriormente el demandante en este caso requirió formalmente ante notario a la mercantil F. Carrera & Brother interesando le entregasen los tres mil dólares ($3,000), más o menos, embargados como queda dicho, y que

Florentino Carrera socio gestor de la referida mercantil en contestación a dicho requerimiento contestó lo siguiente:

"Que al ser requerido por el márshal en la fecha que se consigna en la precedente acta, sobre embargo de la cantidad de tres mil dólares, más o menos, que decían pertenecer a don Agustín Hernández Mena, manifestó a dicho márshal, el señor Carrera en la representación que ostenta, que en la casa mercantil de F. Carrera & Hno., no había ninguna cantidad, ni hubo, ni hay, perteneciente a dicho señor don Agustín Hernández: Que esa manifestación hace al notario requirente, y por tanto no puede entregar a éste ninguna cantidad que pertenezca a dicho señor Hernández a favor de cuyo señor no existió ni existe depositada cantidad alguna de la propiedad del requirente don Agustín Hernández Mena."

*Noveno*. Que el demandante y apelante prestó todos y cada uno de los servicios así convenidos y pagó todas y cada una de las cantidades que fueron convenidas en el expresado contrato de arrendamiento de servicios, y que los bienes inmuebles que fueron objeto de la transacción que se hizo fueron inscritos en el registro de la propiedad a favor de Bengoa Marín. *Décimo*. Que en la fecha del embargo en cuestión los Sres. Carrera & Hermano tenían en su poder y bajo su custodia la cantidad de los veinte y seis mil dólares ($26,000) que se obligaron a dar en préstamo a Bengoa y que éste se obligó y había de pagar a Pinillos Carmona en pago del precio de la transacción; que el cincuenta por ciento o $13,000, de dichos veinte y seis mil dólares ($26,000) correspondía al demandante en virtud de lo convenido en el contrato de arrendamiento de servicios y que la cantidad de tres mil dólares ($3,000), más o menos, embargados por el márshal en poder de Carrera & Hermano formaba parte de dicha participación de trece mil dólares ($13,000), de la exclusiva propiedad del demandante. *Undécimo*. Que F. Carrera & Hermano personalmente y los apoderados de Pinillos consumaron definitivamente el contrato de transacción pactado con Bengoa, mediante el pago del precio de la misma previa liquidación y descuentos correspondientes, sin que el demandante

y apelante tuviera aviso como partícipe, conocimiento o intervención alguna en tales hechos ni acto. *Duodécimo.* Que el demandado Benet Colón al solicitar el embargo en el caso número 3956 y al designar los bienes que habían de ser embargados, tenía conocimiento y sabía que los bienes eran de la propiedad del demandante y apelante; y que los señores F. Carrera & Hermano en la fecha del embargo y en que directamente y en persona llevó a efecto definitivamente la transacción Pinillos-Bengoa mediante el pago y entrega del precio, tenía conocimiento de que el demandante y apelante tenía a su cargo y cuidado la gestión de los pleitos que han sido relacionados y que en el importe de la transacción de los mismos correspondía una participación al demandante y apelante. *Décimo tercero.* Que de los trece mil dólares $13,000) que le correspondían al demandante y apelante como participación de un cincuenta por ciento de la cantidad de los veinte y seis mil dólares ($26,000) del precio de la transacción, le fué entregada y recibida por él de Vinuesa por conducto de Samames, apoderados de Pinillos la suma de $9,333; y *Décimo cuarto.* Que a consecuencia de dicho embargo el demandante y apelante ha sido perjudicado y sufrido perjuicios reales por la suma de tres mil seiscientos sesenta y siete dólares ($3,667), por culpa de los demandados Benet Colón y F. Carrera & Hermano y no por su propia culpa.

El demandado Benet Colón formuló una excepción previa alegando que la demanda no aducía hechos suficientes para constituir una causa de acción en contra de dicho demandado, excepción que fué debidamente sostenida por la corte de distrito por no aparecer de dicha demanda hechos que demuestren que los demandados F. Carrera & Hermano hubieran tenido alguna vez ninguna obligación con el demandante y apelante, o que los bienes embargados le pertenecían en realidad, o que el demandante y apelante hubiere sufrido ciertamente algún perjuicio con motivo del embargo practicado a instancia del demandado Benet.

De conformidad con dicha orden declarando con lugar dicha excepción, la corte, una semana después, dictó sentencia ordenando el sobreseimiento del caso en lo que se refiere al demandado Benet, con las costas, disponiendo se librara la orden corriente de ejecución; y alega el apelante que no se le dió oportunidad alguna para enmendar su demanda enmendada. Pero no indica el apelante en qué forma es que podría haber sido todavía enmendada su demanda enmendada para que pudiera expresar una causa de acción, y ni siquiera sugiere que existan hechos adicionales en los que pueda basar una teoría que pueda ser sostenida con respecto a su caso, si es que alguna tiene contra el demandado Benet.

Durante el período transcurrido desde la fecha en que fué dictada la orden declarando con lugar la excepción previa y la de la sentencia, el demandante tuvo suficiente oportunidad para solicitar la reconsideración de dicha orden y permiso para hacer enmiendas, pero no hizo esfuerzo alguno en este sentido. Aun después de dictada la sentencia podría haber solicitado la protección de la corte de distrito de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil, pero nada hizo. En la apelación ha dejado de probar enteramente que en alguna forma haya sido perjudicado algún derecho sustancial, y según todo lo que aparece de los autos aun cuando la corte de distrito cometiera error al dictar la sentencia sin darle la oportunidad de hacer otras enmiendas a la demanda que ya había sido enmendada, dicho error no causaba perjuicio en absoluto.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.